**John Robert AUNAN,
Petitioner, Respondent,**

**v.**

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. CX 84 1388.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Donald H. Nichols, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Respondent John Aunan was arrested for D.W.I. and taken for testing. An Intoxilyzer 5000 infrared breath-testing device was administered. Respondent failed to successfully provide two adequate breath samples and his license was revoked for having "refused" to permit testing. Minn.Stat. § 169.123, subd. 4 (1982). Following an implied consent hearing, the trial court found that respondent cooperated in providing a sample and never refused to provide an adequate sample. The court rescinded the revocation of respondent's driving privileges. We remand.

## FACTS

Respondent was arrested by a Minnesota State Patrol Trooper for D.W.I. following the trooper's observations of erratic driving, and the subsequent observations that respondent had bloodshot eyes, slurred speech, and odor of alcohol. Respondent failed field sobriety tests and refused to provide a preliminary breath test. The trooper took respondent to the Washington County Sheriff's Office and following consultation with counsel, respondent agreed to submit to the Intoxilyzer 5000 breath-testing device.

The Intoxilyzer is an infrared breath testing instrument. *See* Minn.Stat. § 169.-01, subd. 68 (1984). Infrared testing must include analysis of two separate, adequate samples of breath, Minn.Stat. § 169.123, subd. 2b (1984), and testimony indicated a testing sequence for the machine must be completed within a four minute period.

Respondent provided an adequate first sample, showing a .116 blood alcohol concentration, but he failed to provide an adequate second sample in the time available for a testing sequence. Respondent was asked if he would like to repeat the sequence, and he told the officer he did not want to blow into the Intoxilyzer anymore. Respondent was offered an opportunity to submit a urine sample but was unable to provide the sample. Respondent testified at the implied consent hearing that he had a heart attack in 1980 and occasionally takes nitroglycerine tablets when he experiences chest pain. He testified he was experiencing chest pains when he was blowing into the machine, and that he had to take his nitroglycerine when he finished trying.

The trial court found that respondent cooperated in providing two independent samples of his breath and that the inability of the machine to provide a reading for the second breath sample was not a result of respondent's lack of cooperation. The court found that respondent "never refused to provide an adequate sample * * *" and concluded that respondent did not refuse testing such that his license could be revoked under Minn.Stat. § 169.123.

## ANALYSIS

The implied consent law has been modified to permit use of Intoxilyzer instruments. Minn.Stat. § 169.123.

■ Respondent failed to furnish adequate breath samples, but a petitioner in an implied consent case may assert an affirmative defense that refusal to permit testing was based upon reasonable grounds. Minn.Stat. § 169.123, subd. 6. *Palbicki v. Commissioner of Public Safety*, 347 N.W.2d 512, 514 (Minn.Ct.App.1984).

The statute on infrared testing provides:

For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

Minn.Stat. § 169.123, subd. 2b(c) (1984).

The statute must be read with a rule promulgated by the Commissioner of Public Safety:

In the case of a test administered using the Intoxilyzer 5000, a breath test consists of two separate, adequate breath samples, each of which is analyzed separately in the sequence: breath, standard, breath. Failure of a person to provide two separate, adequate breath

samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine must be provided by the person.

Minn. R. 7502.0430, subpart 1 (Supp.1984).

 To determine the issue of refusal here, the trial court must make findings addressing the question whether respondent's failure to provide two breath samples resulted from his physical inability. If that explains the failure, the court must also find whether respondent refused to provide a urine sample or a blood sample. These findings were not made here.

### DECISION

The matter is remanded for further trial court findings of fact. At its discretion, the trial court may open the record to receive evidence necessary for application of the law of the case.

Remanded.