David Eugene GODDERZ,
petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C0-84-2131.

Court of Appeals of Minnesota.

June 25, 1985.

Theodore K. Abe, Gerald C. MaGee, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by the Commissioner of Public Safety from an order of the trial court rescinding the revocation of David Godderz's driving privileges. We affirm.

## FACTS

On September 4, 1984, Orono police Officer Kurt Erickson validly stopped David Godderz for D.W.I. After Godderz agreed to take a breath test, Officer Erickson, a certified intoxilyzer operator, started the testing process at the Orono police station.

The intoxilyzer requires two adequate breath samples from the person. Godderz wouldn't cooperate. He would not blow hard enough or long enough. He blocked the mouth piece with his tongue and loosened the seal around the mouth piece. As a result, the intoxilyzer showed a reading of .213 but indicated the sample was deficient.

Eventually, Godderz provided one adequate sample, and it was analyzed twice with results of .228 and .229. Godderz became increasingly antagonistic so Erickson did not offer another test. He treated Godderz's conduct as a completed test rather than a refusal and issued Godderz a notice of 90-day revocation for failing the test, rather than a one year revocation for a refusal.

At the implied consent hearing, the trial court granted Godderz's motion for an order rescinding the revocation on the ground that the evidence was insufficient to show a result of .10 or more because two adequate breath samples were not obtained. The commissioner then moved to amend the notice and revocation order to a one year revocation for refusal to provide a breath sample. The trial court denied the request.

## ISSUES

1. Is one adequate breath sample sufficient to establish a valid test under Minn. Stat. § 169.123, subd. 2b (1984)?

2. Did the trial court err in refusing to amend the notice and order of revocation to reflect a refusal?

## ANALYSIS

### I

Under the implied consent laws, a valid intoxilyzer test consists of two adequate breath samples.

(a) In the case of a breath test administered using an infrared breath-testing instrument, the test *shall* consist of analyses in the following sequence: one *adequate* breath sample analysis, one calibration standard analysis, and a second, adequate breath sample analysis.

(b) In the case of a test administered using an infrared breath-testing instrument, a sample is adequate if the instrument analyzes a sample *and does not indicate the sample is deficient.*

Minn.Stat. § 169.123, subd. 2b (1984) (emphasis added); *see Aunan v. Commissioner of Public Safety,* 361 N.W.2d 907, 908 (Minn.Ct.App.1985).

Minn.R. 7502.0430 (Supp.1984) provides:

Subpart 1. **Breath test.** In the case of a test administered using the Intoxilyzer 5000, a breath test consists of *two* separate, *adequate* breath samples, each of which is analyzed separately in the sequence: breath, standard, breath. Failure of a person to provide *two* separate, *adequate* breath samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine must be provided by the person.

Subpart 2. **Adequate sample.** In the case of a test administered using the Intoxilyzer 5000, a sample accepted as valid by the instrument is considered adequate.

*Id.* (emphasis added). Only one adequate breath sample was obtained here. The commissioner argues that in criminal D.W.I. prosecutions evidence of results from a partial test of the intoxilyzer (i.e., an analysis of one adequate breath sample) is admissible on whether the person was under the influence. *See* Minn.Stat. § 169.-121, subd. 2 (1984). This statute is not controlling because while it provides that the evidence is admissible on whether someone is *under the influence*, it does not indicate the evidence can be used to establish an alcohol concentration of .10 or more. *See id.* The intoxilyzer statute and the rule promulgated by the commissioner is unambiguous—two adequate breath samples are required for a valid intoxilyzer test. The trial court did not err in ruling there was insufficient evidence to show that Godderz's blood alcohol content was .10 or more.

### II

After the trial court rescinded the revocation, the commissioner moved to amend the notice and order of revocation for a period of one year for a refusal hoping to succeed under Minn.Stat. § 169.-123, subd. 2b(c) (1984), which provides:

(c) For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

*Id.* The trial court denied the motion. The denial was proper.

This "notice" by amendment does not comply with the notice requirements of section 169.123:

Subd. 5. **Notice of revocation or determination to deny; request for hearing.** A revocation under subdivision 4 becomes effective at the time the commissioner of public safety or a peace officer acting on his behalf notifies the person of the intention to revoke and of revocation. The notice shall advise the person of the right to obtain administrative and judicial review as provided in this section. * * *

\* \* \* \* \* \*

Subd. 5c. **Petition for judicial review.** Within 30 days following receipt of a notice and order of revocation pursuant to this section, a person may petition the court for review. * * * No responsive pleading shall be required of the commissioner of public safety * * *.

Minn.Stat. § 169.123, subds. 5 and 5c (1984). The commissioner argues its motion to amend was in the nature of an amendment to the pleadings to conform to the evidence under Minn.R.Civ.P. 15.02. We do not agree. A notice and order of revocation is not a "pleading" which may be amended to conform to evidence. It is an order in itself.

The revocation was based on inadequate testing. The trial court is limited to either rescinding or sustaining the revocation on the issue of whether Godderz had a valid breath test reading of .10 or more.

The court shall order either that the revocation be rescinded or sustained and forward the order to the commissioner of public safety.

Minn.Stat. § 169.123, subd. 6 (1984); *see Schafer v. Commissioner of Public Safety,* 348 N.W.2d 365, 368 (Minn.Ct.App. 1984).

If the commissioner wishes to revoke on the ground of refusal, it should serve an amended notice of revocation as the trial court directed in this case.[1]

### DECISION

The trial court did not err in ruling that the Commissioner of Public Safety failed to establish a valid intoxilyzer test where only one adequate breath sample was provided. The trial court correctly refused to allow the Commissioner to amend at the close of the implied consent hearing its notice and order of revocation to reflect a refusal.

Affirmed.

---

**1.** In fact, the Commissioner of Public Safety has since filed an amended notice and order of revocation for a refusal, which is now pending in Ramsey County District Court.