**Anthony John CANTOR,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C1–85–530.

Court of Appeals of Minnesota.

Nov. 12, 1985.

Steven Z. Lange, Minneapolis, for appellant.

Hubert H. Humphrey, Atty. Gen., Joel A. Watne, Spec. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Appellant Anthony Cantor appeals the court's sustaining the Commissioner's revocation of his driver's license under Minn. Stat. § 169.123 (1984) for refusing to take the breath test. Appellant claims he was physically unable to give an adequate breath sample because his lower dentures came loose and obstructed his air passage when he blew into the Intoxilyzer.

## FACTS

On November 17, 1984, Officer Ekstedt pulled appellant, Anthony Cantor, over on suspicion of driving while intoxicated. Officer Ekstedt attempted to give appellant an Intoxilyzer test. Ekstedt did the necessary calibration tests, then asked appellant to blow into the Intoxilyzer. He told appellant to blow continuously for six or seven

seconds while the instrument produced a tone and to continue blowing until Ekstedt told him to stop. Appellant began blowing four or five times but stopped each time when the tone started.

The samples produced by appellant were deficient. Ekstedt did not ask appellant why he was not giving an adequate breath sample nor did appellant offer an explanation. Ekstedt did not see any indication that appellant's false teeth might have been blocking his airway or that any other disability was present preventing him from giving an adequate sample.

Appellant did not disclose what the problem was nor did he offer to remove the lower denture he claims was blocking the air flow. At the revocation hearing, appellant testified that he told Ekstedt that he was having "a problem" which rendered him unable to give an adequate breath sample. Ekstedt disputes this claim.

Appellant was belligerent and argumentative from the moment Ekstedt pulled him over. Ekstedt recorded appellant's unsuccessful attempts as a refusal to take the test. Ekstedt did not offer and appellant did not request blood or urine testing.

Appellant called Thomas Burr, an Intoxilyzer expert. Burr testified that he ran tests on appellant with and without dentures and found that, although appellant was unable to give an adequate sample with his dentures in, he could give an adequate sample once he took his dentures out. Burr also testified that appellant's lungs had been singed in a fire, but that this injury did not affect his ability to provide an adequate sample.

In rebuttal, the State called Officer Mazzuca, present during reading of the implied consent advisory and attempted test. Mazzuca testified that appellant was arguing and yelling, and that appellant resisted blowing into the instrument.

Robert Mooney, a Bureau of Criminal Apprehension crime lab analyst, testified that some medical conditions such as tracheotomy or cleft palate might render one incapable of giving an adequate sample, but he testified he knew of no instance where dentures prevented a suspect from giving an adequate sample. He testified that any problem with dentures could be solved by putting the mouthpiece in the mouth far enough to bite on it and hold the dentures in place.

The trial court upheld revocation of appellant's license.

## ISSUE

Did the trial court err in upholding revocation of appellant's license for refusing to take the Intoxilyzer test?

## ANALYSIS

This court has a broad scope of review where questions of law are concerned. A trial court's conclusions of law do not bind this court. *A. J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977). Findings of fact will not be set aside unless clearly erroneous. *Thorud v. Commissioner of Public Safety*, 349 N.W.2d 343, 344 (Minn.Ct.App.1984) *citing State v. Beckey*, 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971).

Appellant raises the issue of whether his failure to give an adequate breath sample was due to his physical inability to take the Intoxilyzer test. A review of the trial court's order reveals that the trial court did not make a finding that appellant was either physically able or physically unable to take the test. The trial court's conclusion of law states:

1. Petitioner's failure to provide two separate, adequate breath samples for infrared testing constitutes a refusal under the implied consent law *regardless of any medical reasons* Petitioner may have had for being unable to provide two adequate breath samples. *See Aunan v. Commissioner of Public Safety*, CX-84-1388 (Minn.Ct.App. Jan. 11, 1985).

2. Respondent is entitled to an Order sustaining the revocation of petitioner's driving privileges.

Minn.Stat. § 169.123, subd. 2b(c) (1984) [1] regarding breath testing provides:

> For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

However, a petitioner in an implied consent case may assert an affirmative defense that refusal to permit testing was based on reasonable grounds. Minn.Stat. § 169.123, subd. 6; *Palbicki v. Commissioner of Public Safety*, 347 N.W.2d 512, 514 (Minn.Ct.App.1984), cited in *Aunan v. Commissioner of Public Safety*, 361 N.W.2d 907, 908 (Minn.Ct.App.1985).

The Commissioner has promulgated a rule, the pertinent portion of which states:

> Failure of a person to provide two separate, adequate breath samples constitutes a refusal, *unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine* must be provided by the *person.*

Minn.R. 7502.0430, subpt. 1 (Supp.1984), *cited in Aunan* at 909 (emphasis added).

The procedure the investigating officer and the trial court must follow is outlined in *Carlson v. Commissioner of Public Safety*, 374 N.W.2d 791 (Minn.Ct.App. 1985):

> Under current law, if a police officer determines the driver is physically unable to provide a breath sample, an alternative test must be offered. If either alternative test is turned down by the driver, license revocation will follow.
>
> If the officer determines that the driver is physically able to provide a breath sample and reports refusal but does not offer the driver an alternative test, the driver may raise that issue at the implied

consent hearing. Once that issue is raised, the trial court *must make specific findings on a defendant's claim of physical inability.*

*Id.* citing *Aunan* at 907 (emphasis added).

*Aunan v. Commissioner of Public Safety*, 361 N.W.2d 909 (Minn.Ct.App.1985) is controlling here. In *Aunan*, appellant had a heart condition and experienced chest pains when attempting to blow into the machine. The trial court failed to make findings on whether respondent's failure to provide two adequate breath samples resulted from his physical inability. The *Aunan* court held:

> To determine the issue of refusal here, *the trial court must make findings addressing the question whether respondent's failure to provide two breath samples resulted from his physical inability.* If that explains the failure, the court must also find whether respondent refused to provide a urine sample or a blood sample.

*Id.* at 909 (emphasis added).

The trial court's statement, "regardless of any medical reasons," is an erroneous application of the law. Under *Aunan II*, specific findings of fact must be made on whether appellant's dentures rendered him physically unable to take the test.

This case is remanded to the trial court for further findings of fact in accordance with this decision and *Aunan II.* If the court finds appellant was physically able to give two adequate breath samples, the revocation will stand. However, if the trial court finds appellant was physically unable to provide two adequate breath samples, the revocation of appellant's license must be reversed because of the court's finding that Officer Ekstedt did not offer appellant blood or urine testing.

---

1. The trial court correctly cited to the slip opinion of *Aunan* released January 11, 1985. However, subsequent to issuance of the trial court order, *Aunan I* was withdrawn and replaced with a modified opinion, *Aunan II*, 361 N.W.2d 907 (Minn.Ct.App.1985). *See Aunan I*, 359 N.W.2d 755 (Minn.Ct.App.1985). *Aunan II* set out the Commissioner's rule relied on in this opinion, Minn.R. 7502.0430, subpt. 1 (Supp. 1984), which was not reflected in *Aunan I* and is crucial to this opinion because of appellant's claimed physical inability.

## DECISION

The trial court erred by failing to make factual findings on appellant's physical inability to blow into the Intoxilyzer.

Reversed and remanded.