James Prestidge CORRIVEAU,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C8–85–1335.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Jerry Strauss, Robert C. Sipkins, St. Louis Park, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Lawrence M. Schultz, Michael P. Shroyer, Spec. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., PARKER and FOLEY, JJ., with oral argument waived.

## SUMMARY OPINION

FOLEY, Judge.

### FACTS

Respondent James Corriveau was arrested for driving while intoxicated and was given an Intoxilyzer test. The trial court

found that his first breath sample was .164 with a replicate reading of .168. The second sample was deficient. His license was apparently revoked for one year, and he petitioned for judicial review on a number of counts.

After a hearing, the trial court rescinded the revocation on the ground that the respondent was denied the right to consult with an attorney prior to deciding whether to take the test, pursuant to this court's decision in *Nyflot v. Commissioner of Public Safety*, 365 N.W.2d 266 (Minn.Ct. App.1985). The trial court also found that the period of respondent's revocation should be 90 days, for failing the test, rather than one year for refusing testing. It also specifically found that respondent appeared to have no physical disability and that there was no evidence that respondent was "faking" his second attempt. The Commissioner appealed the decision.

 On appeal, the respondent conceded that the trial court's rescission of the revocation was erroneously made and should be reversed. This was based on two controlling cases issued after the trial court's decision. First, in *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 513 (Minn.1985), the supreme court reversed the court of appeals, stating that a driver does not have a constitutional or statutory right to consult with an attorney prior to making the decision whether to take a chemical test to determine alcohol concentration. Second, in *Godderz v. Commissioner of Public Safety*, 369 N.W.2d 606 (Minn.Ct.App.1985), this court held that two adequate breath samples are required for a valid breath test. A partial Intoxilyzer test cannot be used to establish an alcohol concentration of .10 or more. *Id.* at 607. Failure to provide two adequate breath samples constitutes a refusal. Minn.Stat. § 169.123, subd. 2b(c) (1984). The consequence of refusing testing is that the driver's license is revoked for a period of one year. Minn.Stat. § 169.123, subd. 4. Based on *Godderz* and *Nyflot*, the trial court's decision is reversed and the revoca-

tion of respondent's driver's license for a period of one year is reinstated.

The respondent raises the issue of the amount of time which he has remaining on his revocation. He contends that while the records of the Commissioner appear to indicate that his reinstatement occurred on May 1, 1985, he did not receive his license until a date in August. Lacking a valid license, he alleges that he conducted himself as if under revocation and should be given credit for the period of time during which he was without a license.

This issue is not properly before this court. The trial court has not made a decision which we can review, nor are there any facts in the record from which we can determine whether this is an issue which is ripe for adjudication. Finally, respondent did not raise the issue on a notice of review. Minn.R.Civ.App.P. 106. This is a matter which should be addressed at an administrative level to the Commissioner.

## DECISION

The trial court's decision is reversed, and the revocation of respondent's driving privileges is reinstated for a period of one year.

Reversed.