**Daniel John SMITH, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C6–85–975.**

Court of Appeals of Minnesota.

Jan. 28, 1986.

Seaneen Brennan, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joseph G. Maternowski, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI, and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Respondent driver was given an Intoxilyzer test, and provided a deficient first sample and an adequate second sample. The arresting and testing officers concluded that he failed the test. He petitioned for judicial review, and the appellant Commissioner issued an amended notice of revocation, on the basis of refusal to permit testing. The trial court rescinded the revocation based on refusal, and the Commissioner appeals. We affirm.

## FACTS

Officer Kenneth Wayne Reed was on routine patrol duty in St. Paul on December 29, 1985, at approximately 11:29 p.m. He observed respondent Daniel John Smith's car drive through two stop signs without stopping. Officer Reed stopped respondent's car, administered some field sobriety tests which respondent performed in an unsatisfactory manner, and arrested respondent for driving while intoxicated. Respondent agreed to take the breath test. Officer Reed brought him to the testing facility, and turned him over to the Intoxilyzer operator.

Officer Frederick Van Zyl, a certified Intoxilyzer operator, administered the test. The first sample which respondent gave was .238 and was reported as a deficient sample. The second sample had a reading of .232 with a replicate reading of .234. The "reported value" was .23.

The officer who administered the test thought that respondent had taken the test and failed it, with a .23 reading. The arresting officer certified the results of the Intoxilyzer test to the Commissioner, indi-

cating that respondent provided a breath sample with a .23 concentration.

Respondent first received a notice, dated December 30, 1984, that his license was revoked for a minimum of 90 days because he failed the breath test. Respondent brought a petition for judicial review, served on January 23, 1985. He then received a notice dated January 30, 1985, notifying him that his license was revoked effective January 6, 1985, for refusal to permit the test.

After a hearing, the trial court determined that respondent submitted to the test, with a result of .23. It also made findings as follows: Respondent agreed to take the test and the officer administering the test and the arresting officer who certified the result to the Commissioner believed that respondent had taken the test and failed it, with a .23 result. The testing officer at no time suggested to respondent that the test was inadequate or that he had not cooperated in furnishing a sample, and respondent was not offered additional tests. The evidence suggested respondent was "perfectly cooperative" and would have blown again if requested. The court noted that no issue was raised during the testing procedure as to whether there had been a refusal that would have permitted the cooperative respondent to take the necessary steps to comply. Finally, the court specifically found that there was no showing that respondent was suffering from any disability which affected his first effort to blow into the machine. The trial court rescinded the revocation which had been based on refusal, and the Commissioner appeals.

## ISSUE

Did the trial court err when it rescinded the revocation of respondent's driving privileges?

## ANALYSIS

Respondent was given a breath test with an Intoxilyzer, an infrared breath-testing instrument. The statute specifies that a test given with such an instrument consists of: "one adequate breath sample analysis, one calibration standard analysis, and a second, adequate breath sample analysis." Minn.Stat. § 169.123, subd. 2b(a) (1984). It provides that a sample is adequate "if the instrument analyzes the sample and does not indicate the sample is deficient." Minn. Stat. § 169.123, subd. 2b(b). Finally, it specifically defines refusal:

For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

Minn.Stat. § 169.123, subd 2b(c) (1984).

The rules also provide:

In the case of a test administered using the Intoxilyzer 5000, a breath test consists of two separate, adequate breath samples, each of which is analyzed separately in the sequence: breath, standard, breath. Failure of a person to provide two separate, adequate breath samples constitutes a refusal, unless the failure is the result of physical inability to provide a sample, in which case a sample of blood or urine must be provided by the person.

Minn. R. 7502.0430, subpt. 1 (1985).

In this case, respondent provided one deficient sample and one adequate sample. One adequate sample is insufficient to show that the respondent's alcohol concentration was .10 or more. *Godderz v. Commissioner of Public Safety,* 369 N.W.2d 606, 607 (Minn.Ct.App.1985). Failure to provide two adequate samples constitutes a refusal under the language of the statute and the rules, unless the driver is physically unable to provide a sample. The trial court made a specific finding that respondent was not suffering from any disability which affected his first attempt to provide a breath sample. *See Aunan v. Commissioner of Public Safety,* 361 N.W.2d 907, 909 (Minn.Ct.App.1985). The trial court nonetheless rescinded the revocation which was based upon refusal, finding that the respondent was cooperative and would

**604**

have provided another sample if requested, the officers were unaware that a "refusal" had occurred, and respondent was not told the test was invalid.

 An officer is not required to offer the driver another opportunity to take the test after the officer deems that a refusal has occurred. *Palbicki v. Commissioner of Public Safety,* 347 N.W.2d 512, 515 (Minn.Ct.App.1984); *see Anderson v. Commissioner of Public Safety,* 379 N.W.2d 678 (Minn.Ct.App.1986). The officers "should not be required 'to await the driver's convenience of a different time or place' to submit to the statutory requirement [of testing]." *State v. Palmer,* 291 Minn. 302, 308–09, 191 N.W.2d 188, 191–92 (1971), (quoted in *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512, 517 n.4 (Minn.1985)).

■ The officer may, however, offer the driver another opportunity to attempt to complete the Intoxilyzer test. In *Aunan,* for example, the driver, who failed to provide two adequate breath samples, was offered an opportunity to repeat the breath sequence, and was also offered the opportunity to provide a urine sample. *Aunan,* 361 N.W.2d at 908. In *Godderz,* the driver was not offered another opportunity to retake the breath test because he was growing increasingly antagonistic. *Godderz,* 369 N.W.2d at 607. Respondent here was cooperative and, the trial court found, would have retaken the test if requested. The officers believed he had actually taken and failed the test. They never believed he had refused, so they had no reason to offer respondent another opportunity to take the test. Under the facts of this case, the revocation for refusal was inappropriate.

■ The Commissioner also argues that the partial test supports revocation under a test failure as well as a refusal. A partial test is insufficient to support a finding of failure. *Godderz,* 369 N.W.2d at 607.

Finally, we note that even though the trial court's rescission of the respondent's driving privileges has been affirmed, respondent has suffered consequences from his actions. His license has already been revoked for 90 days, pursuant to the Commissioner's initial order of revocation for test failure. His driving record will also reflect the revocations, as well as the fact that a court has set the revocation aside. *Barlow v. Commissioner of Public Safety,* 365 N.W.2d 232, 234 (Minn.1985).

**DECISION**

The trial court did not err when it determined that respondent did not refuse the test, under the unique facts of this case.

Affirmed.