**Dawn Rae KUROSAK,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C5–86–1786.**

Court of Appeals of Minnesota.

March 31, 1987.

John R. Wylde, Jr., Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Respondent Dawn Rae Kurosak was arrested for driving while under the influence. She failed to provide an adequate breath sample for the Intoxilyzer, and the officer determined that she refused testing. She petitioned for judicial review of her driver's license revocation. The trial court rescinded the revocation. We reverse.

## FACTS

On July 16, 1986, at approximately 11:00 p.m., Officer Michael Lee Braun received a dispatch message that a gas station attendant had reported a drunk woman pumping gas. Braun immediately drove to the station. While en route, another officer advised Braun that he had seen the suspect vehicle, described as white-over-maroon, leave the gas station, and stop at a nearby restaurant.

Braun drove to the restaurant and observed a "white-over-maroon" car in the lot. The driver's door was open and a woman was lying on the ground next to the car. The key was in the ignition and the vehicle was running.

Braun asked her what was going on. She replied that "she knew damn well what was going and she could take care of her-

self." Braun determined she was under the influence, that she was the driver, and arrested her for DWI.

Braun read the implied consent advisory to Kurosak and she agreed to take a breath test. When he administered the test, she simply held the mouthpiece and blew lightly. He directed her to blow harder into the machine and demonstrated, but she continued to just hold the mouthpiece in her mouth. A tone sounds when an adequate sample is blown into the machine. Kurosak failed to activate the tone. The officer ran a calibration standard and room air test, both of which produced acceptable results. The machine indicated that Kurosak's breath samples were deficient. It was the officer's opinion that the instrument was working properly the night of the test and that respondent refused to give a sample.

### ISSUES

1. Was the arrest lawful?
2. Did respondent refuse testing?

### ANALYSIS

■ 1. A police officer must have probable cause to believe a person is driving while under the influence to invoke the implied consent law. Minn.Stat. § 169.123, subd. 2(a) (Supp.1985). Respondent conceded that the officer had probable cause to believe she was under the influence, but argued that he did not have probable cause to believe she had been driving.

■ Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving a motor vehicle while under the influence. *State v. Olson,* 342 N.W.2d 638, 640 (Minn.Ct.App.1984). Probable cause must be evaluated from the point of view of a prudent and cautious police officer at the time of the arrest, and great deference must be paid to the officer's training and experience. *Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 350 (Minn.Ct.App.1985).

■ The facts indicate the officer had probable cause to believe respondent was driving. He received a report of a drunk woman at a gas station. While en route to the station, he received information from another officer that a "white-over-maroon" vehicle was leaving the station and was driven to a nearby restaurant. The officer drove to the restaurant and found the described vehicle parked with its engine running and driver's door open. The respondent was lying on the ground in a state of intoxication. These facts provide probable cause to believe respondent had been driving while under the influence.

The trial court apparently believed the arrest was unlawful because Braun did not actually see respondent drive the car. Minn.Stat. § 169.121, subd. 1a (1984) provides:

> A peace officer may lawfully arrest a person for violation of subdivision 1 without a warrant upon probable cause, without regard to whether the violation was committed in the officer's presence.

The officer had probable cause to believe respondent was driving and probable cause to believe she was under the influence. The arrest was lawful.

■ 2. The officer determined that refusal occurred because respondent gave a deficient breath sample. Minn.Stat. § 169.-123, subd. 2b(c) (1984) provides:

> For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

Respondent failed to provide adequate breath samples. There was no evidence showing that she was physically unable to provide a breath sample. *Aunan v. Commissioner of Public Safety,* 361 N.W.2d 907 (Minn.Ct.App.1985); Minn. R. 7502.-0430, subpt. 1 (1985). Nor was there any evidence that the Intoxilyzer malfunctioned. Respondent's failure to provide two adequate breath samples constitutes a refusal.

## DECISION

The rescission of the revocation of respondent's driver's license is reversed.

Reversed.