**Guy Mitchell DONNELLY,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. CO–87–2340.**

Court of Appeals of Minnesota.

May 3, 1988.

Benjamin F. Gallagher, Paige J. Donnelly, Ltd., St. Paul, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and FOLEY and NORTON, JJ., without oral argument.

## OPINION

FOLEY, Judge.

Appellant Guy Mitchell Donnelly's driving privileges were revoked pursuant to the implied consent law after the testing officer determined he had refused to submit to testing. Appellant petitioned for judicial review, asserting that he did not refuse testing. The trial court sustained the revocation, and he appeals.

## FACTS

Officer John Charles Bohl administered an Intoxilyzer test to appellant. While appellant's first sample showed a reading of .197 and a replicate reading of .202, the second breath sample showed a reading of "invalid sample." Bohl testified that this indicated the presence of mouth alcohol at the time of the test. The machine did not indicate whether the second sample was adequate or not. Once the machine determines that the sample is invalid, it stops and does not continue to accept a reading.

Bohl distinguished an invalid sample from a deficient sample. A deficient sample occurs when the subject does not provide an adequate breath sample within the four minute allotted time period. An invalid sample is produced when the subject belches or regurgitates while blowing into the machine. The officer did not see any physical signs that appellant belched or regurgitated, or anything else indicating the presence of mouth alcohol.

After the Intoxilyzer showed an invalid sample for the second breath sample, Officer John Joseph Banick asked appellant to take a second test. Appellant said he felt he gave the test already, and refused to take another test.

The trial court found that the first test was incomplete because the second breath sample was invalid. It made no finding as to whether the invalid sample was adequate. It further found that the officer requested a second test, and appellant refused. The court deemed this a refusal under the circumstances. It sustained revocation and appellant appeals.

## ISSUE

Did appellant refuse to submit to testing pursuant to the implied consent law, Minn. Stat. § 169.123, subd. 2b (1986)?

## ANALYSIS

An infrared breath test consists of an adequate breath sample analysis, a calibra-

tion standard analysis, and a second adequate breath sample analysis. Minn.Stat. § 169.123, subd. 2b(a). A sample is adequate if the instrument analyzes the sample and does not indicate it is deficient. Minn.Stat. § 169.123, subd. 2b(b).

For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

Minn.Stat. § 169.123, subd. 2b(c). In the case of a test administered using an Intoxilyzer 5000, a sample accepted as valid by the instrument is considered adequate. Minn.R. 7502.0430, subpt. 2 (1987).

Appellant asserts that the Intoxilyzer, not the officer, determines the adequacy of the sample. *Genia v. Commissioner of Public Safety*, 382 N.W.2d 284, 286 (Minn. Ct.App.1986). He argues that because he provided two samples of his breath for testing, neither one of which was deficient, he complied with the law. He asserts that the trial court's ruling that he refused testing on the first test is erroneous as a matter of law and must be reversed.

There was no finding that the testing machine malfunctioned or that an alternative test was offered. Minnesota law requires that a person provide two separate, adequate samples and appellant complied with the letter of the law. He argues he was not required to submit to another breath test and his refusal to do so was neither material nor relevant.

In *Young v. Commissioner of Public Safety*, 420 N.W.2d 585 (Minn.1988), the supreme court held that a driver who completes a first test which is reliable and adequate may not be required to take a second test. The court quoted Minn.Stat. § 169.123, subd. 2b(b), which sets forth the criteria for breath tests and mandates when a sample is adequate:

> *[A] sample is adequate if the instrument analyzes the sample and does not indicate the sample is deficient.*

*Young*, 420 N.W.2d at 586 (emphasis in original). In this case, the instrument did not analyze the second breath sample, be-

cause it was invalid. Appellant did not complete the first test. When a driver does not complete a test because the machine malfunctions, he is required to take a second test or risk revocation. *Gunderson v. Commissioner of Public Safety*, 351 N.W.2d 6, 7 (Minn. 1984). Likewise, when the driver did not complete a test because the sample was invalid, he was required to take a second test or risk revocation. *See Fisher v. Commissioner of Public Safety*, 389 N.W.2d 771, 773 (Minn.Ct.App.1986). The trial court properly sustained the revocation for appellant's refusal to submit to testing. Minn.Stat. § 169.123, subd. 4.

## DECISION

Affirmed.