**William Lennox ANDERSON, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C4–88–2142.**

Court of Appeals of Minnesota.

May 30, 1989.

---

Charles F. Gegan, Lakeville, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James P. Jacobson, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by FOLEY, P.J., and NIERENGARTEN and IRVINE,* JJ., without oral argument.

## OPINION

FOLEY, Judge.

Respondent William Lennox Anderson's driver's license was revoked for refusing testing. He petitioned for judicial review and the trial court rescinded the revocation. The Commissioner of Public Safety appeals. Anderson did not file a brief and this matter is proceeding pursuant to Minn. R.Civ.App.P. 142.03.

## FACTS

Officer Mark Holden arrested Anderson for driving while under the influence. He read the implied consent advisory to Anderson and asked him to take a breath test. Anderson agreed to do so.

Officer Shawn Mahaney administered the Intoxilyzer test. When Anderson gave his first breath sample, his seal around the mouthpiece was not tight and leaked air, but he was able to provide an adequate sample. The result was .098 with a replicate reading of .109.

The officer then noticed a dark residue on the mouthpiece and asked if Anderson had anything in his mouth. He said he did not and refused to rinse his mouth out.

When Anderson gave a second sample, he did not have a tight seal around the mouthpiece and there was again a noticeable leak of air. Mahaney told him to make a tight seal, blow hard enough to sound the tone, and continue to blow until the tone stopped. Anderson did not do so. The sample was deficient, but the trial court found it resulted in a reading of .097.

Holden read Anderson the implied consent advisory a second time and offered him a blood or urine test. Anderson declined. The officer advised him that this constituted a refusal.

The trial court found that although there was no correlation because of the alleged second deficient sample, a reported value of .09 was obtained. It noted Anderson was not offered an opportunity to retake the breath test even though the result was under .10. It held that Anderson did not refuse testing because he provided sufficient breath samples, and that the preponderance of the evidence indicated his alcohol concentration was less than .10 at the time of testing. It rescinded the revocation and the Commissioner of Public Safety appeals.

## ISSUES

1. Did Anderson refuse testing within the meaning of Minn.Stat. § 169.123 (1988), when he failed to provide two separate adequate breath samples for the Intoxilyzer test, failed to rinse his mouth as directed by the officer, and refused to submit to a blood or urine test?

---

* Acting as judge of the Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 2.

2. Was the Commissioner required to prove Anderson had an alcohol concentration of .10 or more when he refused testing?

## ANALYSIS

■ 1. The Commissioner challenges the trial court's determination that Anderson did not refuse testing. The second breath sample which Anderson provided was deficient.

(b) In the case of a test administered using an infrared breath-testing instrument, a sample is adequate if the instrument analyzes the sample and does not indicate the sample is deficient.

(c) For purposes of this section when a test is administered using an infrared breath-testing instrument, failure of a person to provide two separate, adequate breath samples in the proper sequence constitutes a refusal.

Minn.Stat. § 169.123, subd. 2b (1988). Providing one adequate sample and one deficient sample constitutes a refusal to submit to testing. *Corriveau v. Commissioner of Public Safety*, 380 N.W.2d 214, 215 (Minn. Ct.App.1986). Anderson's failure to provide two adequate breath samples constituted a refusal to submit to testing under the statute. There was no showing that Anderson was physically unable to provide the samples. Minn.R. 7502.0430 (1987).

The officer was not required to offer the driver another opportunity to take a test. *Palbicki v. Commissioner of Public Safety*, 347 N.W.2d 512, 515 (Minn.Ct.App. 1984). He nonetheless gratuitously offered Anderson the opportunity to take a blood or urine test and cure his refusal. Anderson declined to take either test, again refusing testing. It is not necessary to address whether Anderson's refusal to rinse his mouth constituted refusal.

■ 2. The Commissioner contends that the trial court erred in considering Anderson's alcohol concentration because Anderson's driving privileges were revoked for refusing testing. When the Commissioner revokes a license for refusal, the trial court is limited to sustaining or rescinding the revocation based on whether Anderson refused testing. *See Godderz v. Commissioner of Public Safety*, 369 N.W. .2d 606, 608 (Minn.Ct.App.1985).

The trial court determined Anderson's alcohol concentration was less than .10 by taking the lowest of the readings from the first adequate sample, the replicate reading, and the deficient sample. Before the alcohol concentration may be determined, the person must complete the test pursuant to the statute. *See Young v. Commissioner of Public Safety*, 420 N.W.2d 585, 586–87 (Minn.1988); *Donnelly v. Commissioner of Public Safety*, 422 N.W.2d 528, 530 (Minn.Ct.App.1988). In this case, there was no completed test, and Anderson's license must be revoked for refusal.

## DECISION

The order of the trial court rescinding the revocation of Anderson's driver's license is reversed.

Reversed.