## STATE, DEPARTMENT OF PUBLIC SAFETY, v. DONALD JOSEPH LAUZON.

224 N. W. 2d 156.

December 6, 1974—No. 44716.

*Robins, Meshbesher, Singer & Spence* and *Kenneth Meshbesher,* for appellant.

*Warren Spannaus,* Attorney General, and *Thomas G. Lockhart,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal from an order of the district court refusing to amend or set aside an earlier order which had affirmed an order of the commissioner of public safety revoking defendant's driver's license for refusal to permit chemical testing under Minn. St. 169.123. We affirm.

Defendant's first contention, that his license may not be re-

voked because police did not give him the option of taking a urine test, only a blood or breath test, is answered by this court's recent holdings in State v. Boland, 299 Minn. 198, 217 N. W. 2d 491 (1974), and State, Department of Public Safety, v. Wangensteen, 300 Minn. 499, 221 N. W. 2d 567 (1974), in which we rejected similar contentions, stating that while we encourage police to offer both alternative tests, breath and urine, in addition to the blood test, we do not believe that under the statute the police are obligated to do so.

Defendant's second contention is that his license may not be revoked because his refusal to submit to testing was reasonable in that he was merely following the advice of counsel, with whom police had permitted him to communicate. For such an argument to succeed it would have to appear that the police misled the driver into believing that somehow a refusal of this sort was reasonable or that police made no attempt to explain to a confused driver that regardless of what his lawyer said, he must permit testing or lose his license. See, State, Department of Public Safety, v. Nystrom, 299 Minn. 224, 217 N. W. 2d 201 (1974); State, Department of Highways, v. Beckey, 291 Minn. 483, 192 N. W. 2d 441 (1971). In the instant case the police clearly informed defendant, both before and after he talked with counsel, that if he did not permit testing, he would lose his license. We therefore conclude that the trial court correctly determined that the refusal was unreasonable.

Affirmed.