**Robert Harding GUNDERSON,
Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY,
Petitioner, Appellant.**

**No. C9–83–271.**

Supreme Court of Minnesota.

July 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman Jr., Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Brian L. Weber, Dodge Center, for respondent.

YETKA, Justice.

This is an appeal by the Commissioner of Public Safety from a 2–1 decision of a three-judge district court appeal panel reversing an order of the county court which upheld the revocation of Robert Harding Gunderson's driver's license under Minn.

Stat. § 169.123 (1980) for refusing to submit to chemical testing. We reverse the order of the district court and reinstate the decision of the county court.

Early on September 24, 1981, a sheriff's deputy in Dodge County lawfully stopped Mr. Gunderson and lawfully arrested him for driving while under the influence of alcohol. The deputy read the provisions of the implied consent law to Mr. Gunderson. Mr. Gunderson, after talking with his attorney on the telephone, agreed to take a breath test. Unfortunately, the testing machine malfunctioned and did not give a reading on the breath sample. It was later discovered, when the machine was taken in for repairs, that there was a piece of plastic preventing a certain electrical contact from taking place. When the deputy realized that the machine was not working, he explained to Mr. Gunderson and his attorney, who had arrived at the station, that the machine was not working. He then asked Mr. Gunderson if he would submit to either a blood test or a urine test. On his attorney's advice, Mr. Gunderson refused to submit to either test.

In *State, Department of Public Safety, v. Held,* 311 Minn. 74, 246 N.W.2d 863 (1976), the driver, when asked to submit to a blood or breath test, replied that he had already taken a breath test. On appeal from the order sustaining his license revocation, the driver claimed that the police officer did not attempt to clear up the confusion. Citing *State, Department of Public Safety, v. Lauzon,* 302 Minn. 276, 224 N.W.2d 156 (1974), we stated that if that was true, then the defendant's argument that his refusal was reasonable would have merit. However, we stated that the record showed that the police officer did attempt to clear up the defendant's confusion by informing him several times that the test he had taken was a preliminary screening test and that he still had to take either a blood test or breath test if he wanted to avoid having his license revoked. ■ In *Lauzon,* cited in *Held,* the driver contended on appeal that his license could not be revoked because his refusal to sub-

mit to testing was reasonable in that he was merely following the advice of counsel. We stated, "For such an argument to succeed it would have to appear that the police misled the driver into believing that somehow a refusal of this sort was reasonable or that police made no attempt to explain to a confused driver that regardless of what his lawyer said, he must permit testing or lose his license." 302 Minn. at 277, 224 N.W.2d at 157.

■ Mr. Gunderson does not contend that the deputies misled him into thinking that his license would not be revoked simply because his counsel advised him not to take the test. He does argue, however, that he was confused about his obligation to submit to an alternative test and about the consequences of failing to do so after he was told that the breath test machine had malfunctioned. The trouble with this argument is that Mr. Gunderson did not testify at the revocation hearing and there is no evidence in the record to support the conclusion that he in fact was confused or that the deputy should have realized that he was confused. Further, Mr. Gunderson was free to consult with and did consult with his attorney who was present in the room when he made his decision not to submit to either of the other two tests available.

■ The district court did not address the issue of whether a driver who submits to a breath test is obligated to submit to a blood or urine test if the breath testing machine does not work. We hold that the county court correctly held that a driver is obligated to do so in such a situation if he does not want to lose his license.

Reversed.