**David William SWEDZINSKI,
petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C1-84-2011.

Court of Appeals of Minnesota.

May 7, 1985.

Harry P. Schoen, Hastings, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

The Commissioner of Public Safety appeals from an order of the trial court rescinding the revocation of David Swedzinski's driving privileges. The trial court determined Swedzinski had reasonable grounds for refusing to submit to testing. We reverse.

## FACTS

David Swedzinski was arrested for D.W.I. and agreed to take a breath test. He was taken to the Dakota County Sheriff's Office. On the first attempt at administering the test, at 1:28 a.m., the intoxilyzer machine kicked out the test record because of radio frequency interference. Swedzinski was aware of the faulty test. No adjustments were made to the machine after the machine invalidated the initial test. A second test record was inserted at 1:30 a.m. and this time no problems were encountered.

An "air blank" test gave a reading of room air at the desired .000. Instead of blowing into the machine, Swedzinski left the room and said he wouldn't take the test. He indicated he did not trust the machine to be accurate. He was brought back and refused to blow into the machine within the required four minutes.

Swedzinski was given another chance and was again instructed on how to provide a sample. He placed the mouth piece in his mouth for about two seconds. He testified that he did try to blow into the machine but the attending officer testified that it did not appear that he made an attempt to blow before taking out the mouth piece. The intoxilyzer operator testified that the machine appeared to be working properly.

After his license was revoked for refusing to submit to testing, Swedzinski's

counsel argued at the implied consent hearing that Swedzinski was not allowed to take the test. Counsel argued that Swedzinski made a good faith attempt to blow into the machine and that the officer was wrong in testifying that he had not. The trial court rescinded the revocation, not on the grounds that Swedzinski had been refused a good faith attempt to take the test, but on the grounds that Swedzinski reasonably refused testing.

## ISSUE

May a driver reasonably refuse testing because of suspicions about the reliability of the testing machine?

## ANALYSIS

The trial court found that Swedzinski's "suspicions" about the intoxilyzer machine (following the initial rejected test) justified his refusal to provide the requested breath sample. A driver who distrusts the intoxilyzer machine may not reasonably refuse to submit to testing. *City of Madison v. Bardwell*, 83 Wis.2d 891, 266 N.W.2d 618 (1978); *see Carlson v. Commissioner of Public Safety*, 357 N.W.2d 391 (Minn.Ct. App.1984), *pet. for rev. denied*, (Minn., Mar. 6, 1985). The trial court's reasoning could render ineffective our statute authorizing the intoxilyzer, Minn.Stat. § 169.123, subd. 2b (1984). It is reasonable to project that if appellant's position is upheld, automobile drivers would quickly learn to voice an automatic suspicion about the reliability of the intoxilyzer when requested to take the test. We do not hold that there will never be any grounds to have a valid suspicion about a machine. On these facts we hold that even though the machine itself rejected the first test, the operator's testimony that the machine was working properly after the rejection, along with the recording of a proper air blank sample, placed on Swedzinski the burden to take the test or risk the loss of his license. If he had a good faith doubt about the reliability of the machine, he could have had an additional blood test performed at his own expense under Minn.Stat. § 169.123, subd. 3 (1984).

## DECISION

The order of the trial court rescinding the revocation of respondent's driving privileges is reversed.

REVERSED.