Collin Carl **EXSTED**,
petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C7–85–869.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Steven E. Elias, Milavetz & Associates, Coon Rapids, for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant's driving privileges were revoked for refusing to take a breath test, and he petitioned for judicial review. The trial court sustained the revocation. We reverse.

## FACTS

Appellant Collin Exsted was arrested for driving while intoxicated on January 6, 1985. He was read the implied consent advisory and agreed to submit to the breath test.

Officer Steven Cobb, a certified Intoxilyzer operator, attempted to administer a breath test to appellant. Appellant's first breath sample was deficient and registered an alcohol concentration reading of .185 as the highest reading obtained. The Intoxilyzer then detected radio frequency interference (RFI) and the test was discontinued.

Cobb then requested appellant submit to a second breath test, which he agreed to take. He registered an alcohol concentration of .182 as the highest reading obtained on a deficient sample, before RFI was again detected, and the test terminated.

Cobb then ran a calibration check to determine whether the Intoxilyzer was working properly because he was unaware of any radio transmissions which could have been causing the problem. No problems were detected.

Cobb then requested appellant take the test a third time. Appellant refused, and requested he be allowed to contact his attorney. Cobb permitted him to do so. Appellant, after consulting his attorney, continued to refuse testing, stating he believed he should not be required to blow into the Intoxilyzer all night.

The Commissioner of Public Safety revoked appellant's driving privileges. Appellant petitioned for judicial review. At the implied consent hearing, both parties agreed the only issue was whether appellant's refusal to take the third test was reasonable.

The trial court concluded appellant refused the first breath test when he failed to provide an adequate breath sample during the four minute sequence which was completed before the RFI was detected, and such failure was not caused by any physical inability. The trial court also concluded appellant was required to take the

third breath test. It ordered the revocation of appellant's driving privileges be sustained.

## ISSUES

1. Did the trial court err by finding appellant was required to submit to the test a third time?

2. Was appellant's refusal to submit to testing reasonable?

## ANALYSIS

1. A driver whose license is revoked under the implied consent law may petition for judicial review of the decision. Minn. Stat. § 169.123, subd. 5c (1984). If he refused to permit testing, he may, as an affirmative defense, prove that at the time of the refusal, his refusal to permit the test was based upon reasonable grounds. Minn.Stat. § 169.123, subd. 6. The parties agreed at the hearing that the only issue present was whether appellant reasonably refused to permit the test.

The determination whether a driver's refusal is reasonable is a question of fact for the trial court. *Palbicki v. Commissioner of Public Safety,* 347 N.W.2d 512, 514 (Minn.Ct.App.1984). A trial court's factual finding will be reversed only if it is clearly erroneous. *State, Department of Highways v. Beckey,* 291 Minn. 483, 487, 192 N.W.2d 441, 445 (1971). If the trial court erroneously construed and applied the law to the case, its determination will be overturned. *Noren v. Commissioner of Public Safety,* 363 N.W.2d 315, 317 (Minn.Ct.App.1985).

Appellant contends the machine failed to function properly and could not receive a breath sample because of RFI. He argues it was unreasonable for the police to require him to take the test a third time, in light of the machine's inability to record blood alcohol concentration readings because of the RFI, and the police were required to offer him an alternative test. When a breath testing machine malfunctions, the driver must submit to an alterna-

tive test. *Gunderson v. Commissioner of Public Safety,* 351 N.W.2d 6, 7 (Minn.1984).

A driver's mere "suspicions" about an Intoxilyzer do not justify his refusal to take the test. *Swedzinski v. Commissioner of Public Safety,* 367 N.W.2d 119 (Minn. Ct.App.1985). However, the driver here did not refuse to take the test based on his "suspicions" about the test. He refused to take the test because the machine had twice terminated the test based on RFI. Appellant's refusal to take the test a third time was reasonable, and he should have been offered an alternative test. *See Gunderson,* 351 N.W.2d at 7.

2. Appellant also raised the issue of whether the trial court properly found he refused the test for failure to provide adequate breath samples. It is unnecessary to address the issue because we hold that appellant's subsequent refusal to take the test was reasonable.

## DECISION

The trial court erred as a matter of law when it found appellant was required to take the Intoxilyzer test a third time. Appellant's refusal to take the test was reasonable.

Reversed.