**Kelly John FROST, petitioner,
Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C8–86–1443.**

Court of Appeals of Minnesota.

March 3, 1987.

James L. Daniels, Mark Alexis Masica, Minneapolis, for respondent.

Hubert H. Humphrey, III, Minnesota Atty. Gen., James S. Alexander, Joel Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and STONE, JJ.*

## OPINION

BRUCE C. STONE, Judge.

Respondent Kelly John Frost was arrested for driving while under the influence and refused testing. His driver's license was revoked pursuant to the implied consent law and he petitioned for judicial review. The trial court found the refusal was reasonable, and ordered the revocation rescinded. The Commissioner of Public Safety appeals from the trial court's order. We affirm.

## FACTS

Trooper John Dennig of the Minnesota State Patrol arrested respondent Kelly John Frost on March 31, 1986 at approximately 12:56 a.m. for driving while under the influence. Dennig read the following implied consent advisory to respondent; respondent said he understood it.

1. Minnesota law requires you to take a test to determine if you are under the influence of alcohol or a controlled substance.

2. If testing is refused, your right to drive will be revoked for a minimum period of one year.

\*  \*  \*  \*  \*  \*

3. If you take a test and the results indicate that you are under the influence of alcohol or a controlled substance, you will be subject to criminal penalties and your right to drive may be revoked for a minimum period of 90 days.

\*  \*  \*  \*  \*  \*

4. After submitting to testing you have a right to consult with an attorney and to have additional tests made by a person of your own choosing.

5. If you refuse to take the test your refusal will be offered into evidence against you at trial.

If the test is unreasonably delayed or if you refuse to make a decision, you will be considered to have refused the test. Do you understand what I have just explained? "yes"

Dennig then asked respondent whether he would take a breath test, and respondent replied: "[N]ot without my own Dr. present." Dennig then informed respondent that the administration of the breath test would not be delayed to allow an attorney or doctor to be present. Respondent replied that the trooper was required to wait a reasonable time for his doctor before administering the test. The space on the implied consent advisory form where the reason for refusing testing may be written was not filled in by the officer.

Dennig completed the implied consent advisory within three minutes at approximately 12:59 a.m. Dennig interpreted respondent's responses as a refusal to permit testing and transported respondent to the Hennepin County Jail to be formally charged with DWI. Dennig did not tell respondent he interpreted respondent's responses as a refusal. Upon the arrival at the jail, respondent did not request to use the telephone or to have a blood or urine test administered. Dennig did not reoffer a test to respondent, and did not directly say to respondent he considered his reply a refusal. Forty-five minutes later respondent twice asked an unknown officer when a test was going to be administered to him.

Respondent's license was revoked, and he petitioned for judicial review. The trial court concluded that the statements made by respondent in response to the offer of the breath test constituted refusal to permit testing. It further concluded that because the officer failed to attempt to clear

---

\* Acting as judge of the Court of Appeals by ap-          pointment pursuant to Minn. Const. art. 6, § 2.

up any possible confusion on the part of respondent by informing him that the officer considered his responses a refusal, respondent's refusal was based upon reasonable grounds. The trial court rescinded the revocation and the Commissioner of Public Safety appeals.

## ISSUE

Was respondent's refusal to permit testing based upon reasonable grounds?

## ANALYSIS

■■■ A driver who refuses to submit to testing pursuant to the implied consent law will have his driver's license revoked. Minn.Stat. § 169.123, subd. 4 (1984). Refusal may be communicated by words or acts. *Anderson v. Commissioner of Public Safety*, 379 N.W.2d 678, 681 (Minn.Ct. App.1986). "A driver has a duty to comply reasonably with the administration of a test, and failure to do so constitutes a refusal." *Sigfrinius v. Commissioner of Public Safety*, 378 N.W.2d 124, 126 (Minn. Ct.App.1985). The trial court determined that respondent's insistence that his own doctor be present for the administration of a breath test, even after the officer explained to him that the test would not be delayed to allow an attorney or doctor to be present, constituted a refusal to permit testing. We agree.

A driver may assert as an affirmative defense that his refusal was reasonable. Minn.Stat. § 169.123, subd. 6. The trial court further determined respondent's refusal was reasonable, and found that at the time of respondent's response, it was not apparent that he was aware he lacked the right to have his doctor present during testing. Whether a refusal is reasonable is a question of fact for the court, and this finding will be reversed only if clearly erroneous. *State, Department of Highways v. Beckey*, 291 Minn. 483, 486–87, 192 N.W.2d 441, 444–45 (1971); *Exsted v. Commissioner of Public Safety*, 375 N.W.2d 594, 596 (Minn.Ct.App.1985).

■■■ A refusal may be reasonable if the police have misled a driver into believing a refusal was reasonable or if the police have made no attempt to explain to a confused driver his obligations. *State, Department of Public Safety v. Lauzon*, 302 Minn. 276, 277, 224 N.W.2d 156, 157 (1974). In *Gunderson v. Commissioner of Public Safety*, 351 N.W.2d 6 (Minn.1984), the driver asserted his refusal was reasonable because he was confused as to his obligations. The supreme court disagreed, noting that the driver did not testify and that no evidence in the record supported his claim of confusion. *Id.* at 7.

■■■ Unlike the driver in *Gunderson*, respondent testified concerning the facts relating to his confusion; that confusion then became an issue of fact for the trial court. Given that the explanation of the officer occurred on the highway within three minutes of the arrest, there was a colorable defense of confusion. The officer did not attempt to clear up that confusion. He did not inform respondent that his statements would be considered a refusal and that his license would be revoked. The trial court was entitled to find the refusal reasonable, and its finding is not clearly erroneous.

The Commissioner raises a new issue in his reply brief. Reply briefs must be confined to "new matter raised in the brief of the respondent." Minn.R.Civ.App.P. 128.-02, subd. 3. Consequently, we do not address the issue.

## DECISION

The trial court's order rescinding the revocation is affirmed.

Affirmed.