**Gregory William HAUG, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C6–90–2711.

Court of Appeals of Minnesota.

July 23, 1991.

occasioned by or resulting from his * * * work * * * to property of any kind outside the con-

struction area."

Paul W. Rogosheske, Thuet, Pugh & Rogosheske, Ltd., South St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

An officer arrested respondent for DWI and his driver's license was revoked when he refused testing. He petitioned for judicial review, contending his refusal was reasonable. The trial court rescinded the revocation and the Commissioner of Public Safety appeals. We reverse.

## FACTS

On October 18, 1990, Officer Robert Flick stopped respondent's vehicle, arrested him for DWI, and brought him to the police station. Flick read the implied consent advisory to respondent at 1:31 a.m., and asked him if he understood the advisory. Respondent said he would rather consider it with the advice of an attorney. Flick told him he did not have that right, but also told him that if he had an attorney to call, he would allow him to do so.

Respondent made six telephone calls. On the sixth call, he reached the public defender's office, and a public defender returned his call 10 minutes later. Respondent talked to the public defender for 23 minutes. The officer then reread the portion of the advisory, telling respondent that if the test is unreasonably delayed or if he refused to make a decision, it would be considered a refusal. Respondent relayed

this to the person to whom he was talking, and then hung up.

The officer asked respondent if he would take a test and respondent refused. The officer asked him for his reason, and he said it was on the advice of counsel. While respondent was waiting to be transported to the jail, he learned he was going to be booked for the crime of refusal. Respondent told the officer he did not know it was a crime to refuse testing. Respondent never said he was not refusing or that he would take the test.

Respondent testified that the public defender asked him if he had a prior DWI, and respondent told him he had one in 1987. The public defender told him not to take the test, but did not tell him it was a crime to refuse. Respondent testified he never had the chance to discuss the fact that refusal was a crime until he was being taken away; that he had no idea it was a crime to not take the test; and had he known it was a gross misdemeanor to refuse to take the test, he would not have refused.

The trial court rescinded the revocation, ruling that the refusal was reasonable. The Commissioner of Public Safety appeals.

## ISSUE

Was respondent's refusal to submit to testing reasonable?

## ANALYSIS

The officer offered respondent a test pursuant to the implied consent law. Minn. Stat. § 169.123, subd. 2(a) (1990). Respondent refused the test, and none was given. Minn.Stat. § 169.123, subd. 4. His driver's license was revoked for one year for refusal. *Id.* Respondent petitioned for judicial review, contending that his refusal was reasonable because he followed the advice of counsel not to take the test. A driver may assert as an affirmative defense that

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

the refusal was based upon reasonable grounds. Minn.Stat. § 169.123, subd. 6.

Whether a refusal is reasonable is generally characterized as a question of fact for the trial court, which will be reversed only if clearly erroneous. *State, Dep't of Highways v. Beckey*, 291 Minn. 483, 486–87, 192 N.W.2d 441, 444–45 (1971). However, where there is no dispute as to facts, the legal significance of the facts may be a question of law. *See Berge v. Commissioner of Pub. Safety*, 374 N.W.2d 730, 732 (Minn.1985).

On June 7, 1991, the Minnesota Supreme Court published its opinions in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991) and *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991). The court held that the Minnesota Constitution, art. I, section 6, gives a person a limited right to consult an attorney before deciding whether to submit to chemical testing and that Minn.Stat. § 169.123, subd. 2(b)(4) (1990) violates that right because the statute denies a person the right to counsel at a critical stage of a criminal proceeding. *Id.*

 Respondent moves this court to declare the appeal moot in light of *McDonnell*, or to remand. Appellant opposes the motion, and moves for costs for having to respond. We deny both motions. The decisions do not change the existing law that refusal of testing on the advice of counsel is not a reasonable refusal which excuses the driver from license revocation, unless the officer misled the driver into thinking the refusal was reasonable or "made no attempt to explain to a confused driver that regardless of what his lawyer said, he must permit testing or lose his license." *State, Dep't of Highways v. Lauzon*, 302 Minn. 276, 277, 224 N.W.2d 156, 157 (1974).

 Respondent argues his refusal was reasonable because he did not know he might have been subject to criminal penalties for refusal. However, he was given the implied consent advisory as required, in which he was warned refusal may lead to criminal penalties. Minn.Stat. § 169.123, subd. 2(b)(2). While on October 18, 1990

the law did not give respondent the right to talk to counsel prior to making a decision as to whether to take a test, *see* Minn.Stat. § 169.123, subd. 2(b)(4), the officer nonetheless allowed him to do so for 23 minutes. Respondent does not contend that he did not know refusal would lead to revocation. He never agreed to take the test. As pointed out in *Friedman*, "[a]n attorney, not a police officer, is the appropriate source of legal advice." 473 N.W.2d at 833. Given the opportunity to consult with counsel, as respondent was here, the fact that one may receive what turns out to be bad advice is unfortunate, but does not excuse a refusal to submit to testing.

Under the undisputed facts of this case, respondent was not deprived of his right to counsel, and there is no basis for a determination that his refusal was reasonable.

## DECISION

The order of the trial court rescinding the revocation is reversed.

Reversed.