*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1547**

State of Minnesota,
Respondent,

vs.

Steven Joseph Mahne,
Appellant.

**Filed September 8, 2015
Affirmed
Cleary, Chief Judge**

Wright County District Court
File No. 86-CR-12-2454

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Shane E. Simonds, Assistant County Attorneys, Buffalo, Minnesota (for respondent)

Charles L. Hawkins, Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Cleary, Chief Judge; and Schellhas, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

The state charged appellant with criminal refusal to submit to a chemical test. The district court issued a pre-trial suppression order concluding that appellant could not present a reasonable-refusal defense. After a trial on stipulated facts, the district court found appellant guilty of criminal test refusal. Because the potential prejudice of the refusal evidence outweighed any limited probative value, we affirm.

## FACTS

On April 26, 2012, a state trooper stopped appellant Steven Joseph Mahne for multiple driving and vehicle violations. The trooper observed indicia of alcohol use and eventually arrested appellant for suspected driving while impaired (DWI). The trooper read appellant the implied consent advisory, at which time appellant attempted to contact an attorney. Appellant was unable to speak with an attorney, and he refused to submit to a breath test, stating that his reason for refusing was his "right" to do so. The trooper explained that refusal to test is a crime, and appellant said that he understood it was a crime.

The state charged appellant with refusal to submit to a chemical test under Minn. Stat. § 169A.20, subd. 2 (2010), third degree DWI under Minn. Stat. § 169A.20, subd. 1(1) (2010), and driving in violation of restrictions under Minn. Stat. § 171.09, subd. 1(f) (2010).

Appellant agreed to a trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 3. Before trial, the state brought a motion in limine prohibiting "any questions, argument, or presentation of a 'reasonable refusal' defense" from appellant. Appellant countered by submitting a proposed jury instruction stating: "If you find that [appellant's] exercise of his constitutional right was reasonable he is not guilty of refusal to submit to testing." Appellant made an offer of proof, clarifying that he would "testify that the reason he said it was his right to refuse was because he believed police needed a search warrant to obtain a test from him and that he believed that right was a Constitutional right not to be subjected to a search or a seizure from his person."

The district court granted the state's motion and held, in part, that appellant's "offer of proof regarding his reason for refusing is not reasonable and not supported by the facts, statute or case law." The district court did not limit appellant's testimony on any other subjects. Because appellant would not be allowed to present questions or arguments supporting a reasonable-refusal defense, he agreed to a trial on stipulated facts and the state agreed to dismiss all charges except for refusal to submit. The district court found appellant guilty of refusal to submit to a chemical test. This appeal followed.

## D E C I S I O N

### I.

Appellant argues that the district court violated his right to due process by limiting his ability to present a complete defense. We must decide two issues regarding the district court's evidentiary ruling: (1) whether the district court erred by holding that

appellant could not present a reasonable-refusal defense on these facts, and (2) whether the district court's ruling violated appellant's right to present a complete defense.

This court reviews a district court's evidentiary rulings under an abuse of discretion standard even when it is claimed that excluding the evidence deprived the defendant of the constitutional right to present a complete defense. *State v. Penkaty*, 708 N.W.2d 185, 201 (Minn. 2006). "Due process requires that every criminal defendant be afforded a meaningful opportunity to present a complete defense." *State v. Munt*, 831 N.W.2d 569, 583 (Minn. 2013) (quotation omitted).

However, the defendant "must comply with procedural and evidentiary rules designed to ensure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (quotation omitted). "A defendant has no constitutional right to present irrelevant evidence. Evidence that is not relevant is inadmissible." *State v. Woelfel*, 621 N.W.2d 767, 773 (Minn. App. 2001) (quotation and citations omitted), *review denied* (Minn. Mar. 27, 2001). Minnesota Rule of Evidence 403 excludes relevant evidence if the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

If exclusion of evidence violates a defendant's constitutional right to present a defense, the decision will be reversed unless it is harmless beyond a reasonable doubt. *State v. Cram*, 718 N.W.2d 898, 904 (Minn. 2006) (quoting *State v. Kelly*, 435 N.W.2d 807, 813 (Minn. 1989)). And although appellant voluntarily waived his right to a jury trial, he did so only after a pre-trial suppression order, and this court may reverse for a

4

new trial if the pre-trial order was prejudicial. *See State v. Wiltse*, 386 N.W.2d 315, 318 (Minn. App. 1986) (reversing a trial based on stipulated facts for a jury trial after a valid waiver because of a prejudicial pre-trial suppression order), *review denied* (Minn. June 30, 1986).

### A. Appellant could not reasonably refuse the chemical test based on his belief that he had a constitutional right to refuse

The district court held that reasonable refusal was unavailable as an affirmative defense to criminal test refusal as a matter of law, and, even if it were available, that the defense was inapplicable to the facts of this case. Minn. Stat. § 169A.20, subd. 2, provides that it is a crime for a person to refuse to submit to a chemical test. There are no affirmative defenses to criminal test refusal under section 169A.20. However, under the civil statute, a defendant may assert the affirmative defense that the "refusal to permit the test was based upon reasonable grounds." Minn. Stat. § 169A.53, subd. 3(c) (2014). This court has implied that reasonable refusal is an affirmative defense in a criminal case by stating that a jury instruction "was a substantially correct statement of the law" when it informed the jury that a defendant who reasonably refused to submit to testing could be found not guilty. *State v. Johnson*, 672 N.W.2d 235, 242-43 (Minn. App. 2003), *review denied* (Minn. Mar. 16, 2004).

Assuming that reasonable refusal is potentially available as an affirmative defense in a criminal case, appellant cites no legal precedent establishing that a driver may avoid a criminal penalty for refusing to take a chemical test because he believes that he has a constitutional right to refuse. And in light of the implied-consent advisory, reasonable

5

refusal was not available as an affirmative defense here. A trooper read appellant the implied-consent advisory before he refused to submit to a chemical test. The advisory stated that Minnesota law requires a person to submit to a chemical test if the person is under arrest for DWI, and that refusal to take the test is a crime. Appellant therefore knew that he was required to take the test under Minnesota law. Appellant's belief that the implied-consent law was unconstitutional was not a reasonable ground for refusal. *Cf. State, Dep't of Pub. Safety v. Lauzon*, 302 Minn. 276, 277, 224 N.W.2d 156, 157 (1974) (holding that it was unreasonable for defendant to refuse test based on attorney's advice where police "clearly informed defendant, both before and after he talked with counsel, that if he did not permit testing, he would lose his license").

**B.    The district court did not abuse its discretion by concluding that appellant could not present evidence in support of a reasonable-refusal defense**

The district court prohibited appellant from asking questions or making arguments in support of a reasonable-refusal defense. The district court did not clearly explain whether it was excluding evidence in support of a reasonable-refusal defense because it was irrelevant or because it would mislead the jury. Appellant argues that he had a constitutional right to offer evidence regarding his reason for refusal even if the evidence did not support a defense.

Appellant cites a handful of cases that support the proposition that he has a right to explain his actions to a jury. *See, e.g.*, *State v. Brechon*, 352 N.W.2d 745, 751 (Minn. 1984) ("We deem it fundamental that criminal defendants have a due process right to

6

explain their conduct to a jury."). But those same cases establish that that right is limited to relevant and admissible evidence. *See id.* ("The court should exclude irrelevant testimony and make other rulings on admissibility as the trial proceeds.").

The district court did not abuse its discretion by granting the state's motion in limine. The potential prejudice of appellant's testimony substantially outweighed the probative value because of the danger of misleading the jury. Appellant would have testified that he believed he had a constitutional right to refuse to take a chemical test. But a trooper informed appellant that his failure to take the test was a crime, and supreme court precedent establishes that appellant did not have a constitutional right to refuse the chemical test. *See State v. Bernard*, 859 N.W.2d 762, 772 (Minn. 2015) ("[W]e hold that a warrantless breath test of [appellant] would have been constitutional under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement."). Additionally, the jury could have interpreted appellant's testimony as an opinion about a legal matter, which could have misled or confused the jury. *See State v. Saldana*, 324 N.W.2d 227, 230 (Minn. 1982) (stating that opinions involving legal analysis "are deemed to be of no use to the jury"). The district court therefore did not abuse its discretion by excluding the evidence.

**II.**

In his brief, appellant argued that the Minnesota Supreme Court erred in determining that a warrantless breath test did not violate the Fourth Amendment because it fell under the search-incident-to-valid-arrest exception. Appellant withdrew this issue

7

at oral argument in light of *Bernard* and *State v. Bennett*, ___ N.W.2d ___, ___, 2015 WL 4508363, at \*3 (Minn. App. July 27, 2015) (holding that Minnesota's test-refusal statute does not violate the unconstitutional-conditions doctrine by imposing a criminal penalty).

**Affirmed.**