## STATE, DEPARTMENT OF PUBLIC SAFETY, v. MARVIN WILLIAM RAMBOW, JR.

### 193 N. W. 2d 801.

### January 14, 1972—No. 43070.

*Rice & Efron* and *William D. Howard,* for appellant.

*Warren Spannaus,* Attorney General, and *James C. Erickson,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

The commissioner of public safety ordered revocation of appellant's driver's license for his failure to submit to a chemical test for intoxication pursuant to Minn. St. 1969, § 169.123. The commissioner's order was affirmed by the Municipal Court of Hennepin County and, after jury trial, by the District Court of Hennepin County.

Appellant was arrested and taken into custody by Brooklyn Center police for driving his automobile while under the influence of an alcoholic beverage. He was then requested to submit to a chemical test of his blood, breath, or urine, but he declined, in writing, to take any of the tests. He stated no reason for his refusal to be tested. His driver's license was ordered revoked, as provided by the implied-consent statute.

The essence of appellant's objections to the affirmed order of revocation is that the state failed to prove that the tests offered to appellant would have been performed by qualified personnel [1] and that, therefore,

---

[1] The testimony concerning the availability of the direct blood test was that Brooklyn Center had a "standard working arrangement" with North Memorial Hospital to take drivers to the hospital for testing by hospital personnel. Cf. State, Department of Highways, v. Cornelius, 289 Minn. 521, 184 N. W. 2d 779 (1971). The testimony as to the qualification of the police personnel who would administer a breath test was not detailed. Cf. State, Department of Highways, v. Halvorson, 288 Minn 424, 181 N. W. 2d 473 (1970).

the availability of these chemical tests was not established. These were not, however, objections asserted by appellant at the time he declined to take the offered tests. Whatever merit there may have been to these objections had they been made at the time the several tests were offered, appellant's unqualified refusal to take the tests forecloses him from asserting these objections at a later time. State, Department of Highways, v. Cornelius, 289 Minn. 521, 184 N. W. 2d 779 (1971).

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.