## STATE, DEPARTMENT OF PUBLIC SAFETY, v. DOUGLAS KAYE NYSTROM.

217 N. W. 2d 201.

April 12, 1974—No. 44365.

*Harry N. Ray,* for appellant.

*Warren Spannaus,* Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal from a judgment of the district court which sustained an order of the commissioner of public safety revoking defend-

ant's driver's license for refusal to take a chemical test pursuant to Minn. St. 1971, § 169.123. We affirm.

Defendant first contends that the revocation order was improper because his arrest by Buffalo village police officers beyond the village limits was not lawful under § 169.123. There is no merit to this contention. The trial court found on sufficient evidence that the officers observed defendant speeding within the village boundaries and immediately pursued him. Consequently, the fact that the arrest for driving while under the influence occurred outside the village limits does not render the arrest unlawful. Minn. St. 629.40; Smith v. Hubbard, 253 Minn. 215, 91 N. W. 2d 756 (1958).

Defendant's second contention is that he did not refuse testing but that, even if he did, he had adequate reason for doing so, citing State, Department of Highways, v. Beckey, 291 Minn. 483, 192 N. W. 2d 441 (1971). In that case the defendant testified that he refused to permit testing because he was under the impression, as a result of a Miranda warning he had been given, that he could refuse to take any test until he consulted an attorney. This court affirmed the district court's finding that defendant refused to test because he thought he had a constitutional right to talk to an attorney before deciding whether to take a test. We held that this was a legally adequate reason because the police had given him confusing and misleading information in advising him of his rights. In the instant case, the lower court found that defendant refused the test, stating as his reasons that he had drunk a beer shortly before he was arrested and that he did not understand what the officer meant when he advised him that refusal to permit testing would result in license revocation. However, the record is clear that the officer made a special effort to explain the statute to defendant at least twice, and under such circumstances we hold that defendant's refusal was not reasonable.

Finally, State, Department of Public Safety, v. Rambow, 292 Minn. 448, 193 N. W. 2d 801 (1972), answers defendant's contention that his license should not be revoked because one of the tests offered him was not "available." There, we held that a driver who refused unqualifiedly to take a direct blood, breath, or urine test had no standing thereafter to challenge the revocation order on the ground that one of the tests offered him was unavailable.

Affirmed.