**Robin Kay UPDEGRAFF, petitioner, Respondent,**

**v.**

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C4–83–646.**

Supreme Court of Minnesota.

Feb. 17, 1984.

Hubert Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., James B. Early, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Leon R. Bissonette, Larson & Lambert, Wayzata, for respondent.

TODD, Justice.

This is a discretionary appeal by the Commissioner of Public Safety from an order of an appeal panel of the district court reversing an order of the Hennepin County Municipal Court that, on the recommendation of a referee, sustained the revocation of the driver's license of Robin Kay Updegraff for violating the Implied Consent Law, Minn.Stat. § 169.123 (1982). We reverse and remand to the district court.

At the hearing on the driver's petition to rescind the revocation, the arresting officer, when asked where he was when he first observed Ms. Updegraff, stated, "I was on 38th Street, going east, approaching Monterey Drive *in St. Louis Park.*" (Emphasis added). The officer then proceeded to describe the erratic driving (driving over the center line) and the route that Ms. Updegraff took (turning west on Monterey Drive). He testified that he stopped her a short time later and observed a number of things (odor of alcohol on her breath, bloodshot eyes, etc.) that caused him to form the opinion that she was under the influence of alcohol. He testified that

he then placed her under arrest and read the implied consent advisory. Ms. Updegraff agreed to take a breath test. The officer who administered the breath test testified that the test results indicated that Ms. Updegraff had a blood alcohol concentration of .12%.

At the conclusion of this testimony, the attorney for the driver moved for a directed verdict on two grounds, including that the state had failed to establish that the driving took place within the jurisdiction of the St. Louis Park Police Department. The referee denied the motion.

Later, after both sides rested, the attorney for the commissioner said that he wanted to recall the arresting officer to "reestablish" that he was within his jurisdiction. The referee reminded the attorney that he had rested, then asked him if he wanted to reopen. He said that he did. Over objection of the attorney for the driver, the referee granted the motion to reopen.

The arresting officer then took the stand again and testified that his patrol area was the southern end of St. Louis Park and that the stop was made "well within" his jurisdiction. When the attorney for the commissioner said that he did not have any more questions, the referee said, "Counselor, I don't know where St. Louis Park is, which county or which state." The attorney then elicited that information from the arresting officer.

Thereafter, the attorney for the driver tried to persuade the referee to rescind the revocation on a number of grounds, including that the state had not established that the driving incident took place in St. Louis Park. The municipal court, on the recommendation of the referee, affirmed the revocation.

The appeal panel reversed. It addressed only two of the four issues raised by Ms. Updegraff's appeal, specifically, whether the court erred in not granting the motion for a directed verdict and whether the court acted improperly in, as the panel put it, "instructing" the state to reopen. The panel concluded that the motion for a di-

rected verdict should have been granted on the ground that the arresting officer did not testify that he was within his jurisdiction at the time of the arrest. The panel agreed with the state that the court could have taken judicial notice that the locations described in the testimony of the officer were within St. Louis Park and said that "the relevant point here is that the trial court did not take judicial notice." The panel reasoned that the court's "instructing" the state to reopen its case constituted an abuse of discretion, amounting to the court's taking sides in a legal dispute.

We believe that the appeal panel erred in reversing the order affirming the revocation order. As our statement of facts indicates, the arresting officer specifically testified that the incident occurred "in St. Louis Park." That being so, the arrest clearly was not invalid on the ground suggested by the attorney for Ms. Updegraff. *See Department of Public Safety v. Nystrom,* 299 Minn. 224, 217 N.W.2d 201 (Minn.1974).

We do not address the issue of whether it was proper for the referee to suggest to the attorney for the state that he move to reopen. Even without the additional testimony by the arresting officer, the record clearly was sufficient to support the municipal court's decision that the arrest was not unlawful on the ground suggested by the driver. For the same reason, we do not address any of the other issues discussed in the briefs.

Reversed and remanded.