**STATE of Minnesota, Appellant,**

v.

**Deborah Lynn TILLESKJOR, Respondent.**

**No. C6–92–316.**

Supreme Court of Minnesota.

Nov. 13, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Mark P. Wood, Litchfield, for appellant.

Robert D. Schaps, Litchfield, for respondent.

SIMONETT, Justice.

We granted the petition of the state for review of a 2–1 decision of the court of appeals affirming an order of the district court suppressing breath test results in a DWI prosecution. The court of appeals held that the stop which led to the arrest of the defendant and the taking of the breath test was unlawful because the police officer who stopped defendant was outside his jurisdiction. *State v. Tilleskjor,* 488 N.W.2d 327 (Minn.App.1992). We hold that the officer's conduct was authorized by Minn.Stat. § 629.40 and, accordingly, we reverse the decision of the court of appeals and remand to the district court for trial.

At 1:53 a.m. on September 10, 1991, Litchfield Police Officer Dennis Hanson saw a car driven by defendant leaving an apartment complex in Litchfield. The officer testified that the car braked "suddenly or abruptly" before it left the parking lot and entered the street. The officer followed the car and soon noticed that the car was weaving within its lane. After calling in a license check, the officer signalled defendant to stop. The officer was uncertain at the omnibus hearing whether he had made the observation of weaving within or outside the city limits ("It could have been on the edge inside, it could have been on the edge outside"). Upon stopping defendant, he made observations which gave him probable cause to arrest her for DWI. Defendant later submitted to a breath test.

The trial court suppressed the breath test results on the ground that they were the suppressible fruit of a stop that was unlawful because the stop was not only made outside the officer's jurisdiction but was based on conduct occurring outside the jurisdiction. The court of appeals, by a 2–1 vote, affirmed.

Minn.Stat. § 629.40 (1991), which is titled "Allowing arrests anywhere in state," refers in subdivision 1 to section 626.84, subd. 1, for the definition of "peace officer," then provides:

> Subd. 2. Out of jurisdiction arrests. In any case in which a person licensed under section 626.84, subdivision 1, may by law, either with or without a warrant, arrest a person for a criminal offense committed within the jurisdiction of the officer, and the person to be arrested escapes .from or is out of the county, statutory or home rule charter city, or town, the officer may pursue and apprehend the person to be arrested anywhere in this state.

> Subd. 3. Authority for out of jurisdiction arrests. When a person licensed under section 626.84, subdivision 1, in obedience to the order of a court *or in the course and scope of employment* or in fresh pursuit as provided in subdivision 2, is outside of the person's jurisdiction, *the person is serving in the regular line of duty as fully as though the service was within the person's jurisdiction.*

> Subd. 4. Off-duty arrests outside jurisdiction. A peace officer, as defined in section 626.84, subdivision 1, paragraph (c), who is off duty and outside of the jurisdiction of the appointing authority but within this state may act pursuant to section 629.34 when and only when confronted with circumstances that would permit the use of deadly force under section 609.066. Nothing in this subdivision limits an officer's authority to arrest as a private person. Nothing in this subdivision shall be construed to restrict the authority of a political subdivision to limit the exercise of the power and authority conferred on its peace officers by this subdivision.

The language in subdivision 3 about the officer being "in the course and scope of employment" was added by the legislature in 1985.

The court of appeals refers to this as an "employment statute" that "does not express any legislative intent to extend the authority" of police officers outside their jurisdictions.

We hold that the statute, which is without ambiguity, clearly gave the officer all the authority he needed to act as he did. Accordingly, we conclude that the trial court erred in suppressing the breath test results. We therefore reverse the decision of the court of appeals and remand for trial.

Reversed and remanded for trial.