Eric Thomas **LORENZEN,**
petitioner, **Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C4–98–2238.

Court of Appeals of Minnesota.

June 15, 1999.

Thomas J. Kraus, Law Offices of McLoone & Kraus, Waseca, for appellant.

Mike Hatch, Attorney General, Steven H. Alpert, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by
SCHUMACHER, Presiding Judge,
SHUMAKER, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge.*

Appellant challenges the revocation of his driver's license pursuant to the Minnesota implied consent law, arguing that the arresting officer had no jurisdiction to stop him outside of the officer's city limits. We conclude that Minn.Stat. § 629.40, subd. 3 (1998) conferred jurisdiction to the officer. Accordingly, we affirm the district court.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## FACTS

On May 10, 1998 Glenville police officer Amy Sprague observed a red truck driven by appellant Eric Lorenzen traveling north on Highway 65 just inside the City of Glenville. The officer followed the truck for approximately three miles outside of Glenville. While outside the city limits, she observed the truck swerve within its lane, cross the fog line, and drive 60 m.p.h in a 55 m.p.h zone. The officer stopped Lorenzen and subsequent chemical testing revealed an alcohol concentration level of .10 or more. Lorenzen's driver's license was revoked. Lorenzen filed a petition for judicial review and an implied consent hearing took place on August 11, 1998.

At the hearing, the officer testified that her reason for following Lorenzen's truck was because previously, an unfamiliar red truck driving around the city blocks had caught her attention as "[it was] stopping, and then [it] would go." The officer testified that at the time she followed Lorenzen's truck, she mistakenly believed that his truck was the same truck she had observed earlier. The district court sustained the driver's license revocation.

## ISSUE

Did the district court correctly apply statutory criteria to conclude that the arresting officer had jurisdiction to stop Lorenzen when the officer observed conduct justifying a stop for the first time outside the city limits?

## ANALYSIS

■ A district court's application of statutory criteria to undisputed facts is a question of law that is subject to de novo review. *State v. Favors*, 482 N.W.2d 226, 227 (Minn.App.1992), *review denied* (Minn. Mar. 26, 1992).

Minn. Const. art. VI, § 10.

Lorenzen argues that the officer lacked jurisdiction to stop him outside of Glenville because she observed no illegal conduct within city limits and, therefore, she was not justified in leaving Glenville to follow him three miles outside of her jurisdiction.

The legislature has conferred jurisdiction to police officers in certain circumstances outside of their city borders. Minnesota law provides:

> When a person licensed under section 626.84, subdivision 1, in obedience to the order of a court or *in the course and scope of employment* or in fresh pursuit * * *, is outside of the person's jurisdiction, *the person is serving in the regular line of duty as fully as though the service was within the person's jurisdiction.*

Minn.Stat. § 629.40, subd. 3 (1998) (emphasis added). Absent statutory jurisdiction, an officer ordinarily has only the arrest powers of a private citizen beyond her or his jurisdiction. *State v. Filipi,* 297 N.W.2d 275, 278 (Minn.1980) (citation omitted).

The supreme court interpreted this statute in *State v. Tilleskjor,* 491 N.W.2d 893 (Minn.1992), and upheld a stop by a Litchfield police officer of a driver he followed outside city limits. Although the officer observed the car brake "suddenly or abruptly" before exiting a parking lot inside city limits, the officer observed no conduct inside Litchfield justifying a stop. *Id.* at 894. Outside the city limits, however, the officer observed the car weaving within its lane, which prompted the officer to stop the car. *Id.* The supreme court held that the officer was acting within the course and scope of his employment and that Minn.Stat. § 629.40, "which is without ambiguity, clearly gave the officer all the authority he needed to act as he did." *Id.*

As in *Tilleskjor,* the officer's suspicion in the case at bar was aroused inside city limits. In *Tilleskjor,* the officer became suspicious when he observed the vehicle brake abruptly. In this case, the officer became suspicious when she observed a similar looking vehicle stopping and starting. The officers in both cases did not possess reasonable articulable suspicion to stop the vehicles until they were outside city limits.

Lorenzen attempts to distinguish *Tilleskjor* because his red truck, which merely traveled along the freeway just inside the border of Glenville, was a different red truck than had previously aroused the officer's suspicion on the city streets of Glenville.

Lorenzen's distinction is without merit. First, the officer testified that she *believed* Lorenzen's truck was the same one she had earlier observed starting and stopping, which gave her reason to follow it. Furthermore, this court has previously interpreted Minn.Stat. § 629.40, subd. 3, in light of *Tilleskjor* and refused to limit its application to instances where an officer first observes a defendant within the officer's jurisdiction. *State v. Bunde,* 556 N.W.2d 917, 919 (Minn.App.1996).

*Bunde* was a consolidated appeal involving a Janesville police officer who, in the first case, followed a speeding vehicle outside the city limits and then abandoned his chase to follow the defendant's vehicle, which he observed driving erratically. *Id.* at 919. In the second case, the same officer was patrolling approximately three miles outside the city limits when he began to follow a vehicle he observed run a stop sign. *Id.* In following that car, the officer observed the defendant's car alongside the road with the defendant lying back in the driver's seat, which led the officer to stop and ultimately arrest the defendant. *Id.* at 919–20. We held that the officer was acting within the course and scope of his employment even though he first observed the defendants for the first time outside of his jurisdiction. *Id.* at 920. In the present case, the officer first observed Lorenzen inside Glenville, albeit just inside its borders. In light of our decision in *Bunde,* holding that a stop is valid even if the

officer first observes the defendant outside city limits, we conclude that there is no basis for distinguishing *Tilleskjor* on the grounds that Lorenzen's truck was not the same truck that originally aroused the officer's suspicion.

Lorenzen asks this court to impose a limitation upon the statute that neither the legislature nor the supreme court, which found the statute unambiguous, has chosen to impose. In light of the supreme court's interpretation of the statute in *Tilleskjor*, we conclude that any change in the law in this area must come from that court or the legislature.

## DECISION

Because this case is indistinguishable from *Tilleskjor*, we conclude that in accordance with Minn.Stat. § 629.40, subd. 3, the officer was operating "in the course and scope of [her] employment," and was thus "serving in the regular line of duty as fully as though the service was within [her] jurisdiction."

**Affirmed.**