**STATE of Minnesota, Respondent,**

v.

**Gary R. MEYER, Appellant.**

**No. C9–01–1078.**

Court of Appeals of Minnesota.

March 19, 2002.

Review Denied May 14, 2002.

Mike Hatch, Attorney General, St. Paul; and Ross E. Arneson, Blue Earth County Attorney, Mankato, for respondent.

John M. Stuart, State Public Defender, Steven P. Russett, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and FOLEY, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant challenges the stop of his vehicle, arguing that because the officer was outside of his territorial jurisdiction and performing only "ministerial" activities when he observed the alleged violation, the officer was not acting in the course and scope of his employment and did not have the authority to stop his vehicle. Because the officer was acting within the course and scope of his employment when he observed the violation, he was acting within his jurisdiction and had the authority to stop appellant's vehicle. We affirm.

## FACTS

Daniel Bunde is employed as a full-time peace officer by the City of Madison Lake in Blue Earth County. After Officer Bunde issues traffic citations, his customary practice is to attach computer printouts of driver and owner registration records to the citations. These records are not available in Madison Lake but may be obtained from the Blue Earth County Law Enforcement Center in Mankato. Officer Bunde routinely drives to Mankato to pick up the records and to retrieve mail intended for the Madison Lake police department.

On April 8, 2000, Officer Bunde was on his way to Mankato to obtain records. He was on duty, was in uniform, and was driving a marked squad car with its radar speed-detection unit activated. As he drove along, he monitored speeds of other vehicles on the road.

Outside the Mankato city limits and beyond the territorial jurisdiction of Madison Lake, Officer Bunde observed a minivan

Minn. Const. art. VI, § 10.

traveling in excess of the speed limit. He confirmed by radar that the vehicle was going more than 85 miles per hour in a 65 miles-per-hour zone. Officer Bunde notified local authorities of his observation and then pursued and stopped the car about three miles south of the Madison Lake city limits. Appellant Gary Meyer was driving the minivan.

While questioning Meyer, Officer Bunde noticed indicia of intoxication. After Meyer failed field sobriety and preliminary breath tests, Officer Bunde arrested him. The state charged Meyer with alcohol-related gross misdemeanors.

Meyer moved to dismiss the charges on the ground that Officer Bunde was outside his jurisdiction when he observed the speeding and when he made the stop and, therefore, he had no authority to make the stop. The district court denied the motion. Meyer then waived his right to jury trial and submitted the case on the omnibus hearing evidence and additional stipulated facts. The district court found Meyer guilty. Meyer appeals, contending that the court's pretrial denial of Meyer's motion to dismiss was error.

### ISSUE

An on-duty peace officer performing an administrative police function outside his territorial jurisdiction witnessed a traffic violation, stopped the driver, and, after investigating, arrested the driver for alcohol-related offenses. Did the officer lack authority to make an arrest when the offense, the stop, and the arrest occurred outside the officer's territorial jurisdiction?

### ANALYSIS

■ A peace officer may make a warrantless arrest within "the jurisdiction of the appointing authority" when he observes the commission of a public offense there. Minn.Stat. § 629.34, subd. 1(a)(c)

(1998). An officer may also make a warrantless arrest outside his jurisdiction when he is acting within the course and scope of his employment as a peace officer. Minn.Stat. § 629.40, subd. 3 (1998). If the officer acts within the course and scope of his employment, he is deemed to be "serving in the regular line of duty as fully as though the service was within [the officer's] jurisdiction." *Id.*

Appellant Meyer acknowledges that the resolution of the issue on appeal depends on whether Officer Bunde was acting in the course and scope of his employment when he observed the speeding violation and made the stop and the arrest outside his jurisdiction of Madison Lake. Meyer argues that an officer operates in the course and scope of his employment only while he is performing "a core law enforcement activity." Here, Meyer contends, Officer Bunde was engaged in a "purely ministerial task" that was not even necessary because there was an alternate means for him to obtain computerized records in Madison Lake by facsimile or mail.

■ The determination of the meaning of "course and scope of employment" is a matter of statutory interpretation and is an issue of law that appellate courts review de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998).

Several Minnesota cases have held that a warrantless arrest outside the arresting officer's jurisdiction is valid if the officer's suspicion was aroused by an activity that occurred within his jurisdiction. *See, e.g., State v. Tilleskjor,* 491 N.W.2d 893, 894 (Minn.1992) (stop valid when suspicion aroused inside officer's jurisdiction but stop occurred outside jurisdiction); *Windschitl v. Comm'r of Pub. Safety,* 355 N.W.2d 146, 148 (Minn.1984) (stop valid when officer's suspicion aroused inside officer's jurisdiction; ensuing chase and ar-

rest occurred outside jurisdiction); *Dep't of Pub. Safety v. Nystrom*, 299 Minn. 224, 225, 217 N.W.2d 201, 202 (1974) (stop valid when offensive conduct observed by officers within jurisdiction, but pursuit leads officers outside and arrest occurs outside); *Lorenzen v. Comm'r of Pub. Safety*, 594 N.W.2d 552, 554 (Minn.App.1999) (stop valid although officer mistaken whether vehicle she chased outside jurisdiction was same one that aroused her suspicion earlier within jurisdiction).

*State v. Bunde*, 556 N.W.2d 917 (Minn. App.1996), on which the district court here relied as controlling authority, involved consolidated appeals by the state of the dismissal of charges against two defendants accused of unrelated violations that occurred outside the arresting officer's territorial jurisdiction.

In the first case in *Bunde*, a Janesville police officer observed a speeding car within the Janesville city limits, followed it about three miles outside the limits, and then shifted his attention to another car that turned without signaling and was weaving over the center line. The officer arrested the driver of that car for driving while under the influence. We held that, even though the officer was outside his jurisdiction and the offense occurred entirely outside his jurisdiction, he nevertheless was acting in the course and scope of his employment and thus had authority to make the arrest. *Id.* at 919. We explained that so long as the policing mission itself started within the officer's jurisdiction, it was irrelevant that the officer did not observe the violation until he was outside his jurisdiction. *Id.*

In the second case in *Bunde,* the officer was patrolling outside the Janesville limits when he investigated and then arrested Bunde for driving while under the influence of alcohol. We held that the officer was acting in the course and scope of his employment even though his policing mis-

sion commenced outside his territorial jurisdiction. *Id.* at 920.

In another context, we held that the central factor to consider in determining whether an employee is acting within the course and scope of his employment is whether the conduct is, to some degree, in furtherance of the interests of the employer. *Hentges v. Thomford,* 569 N.W.2d 424, 428 (Minn.App.1997), *review denied* (Minn. Dec. 8, 1997).

Meyer does not dispute that Officer Bunde began his on-duty activity in his territorial jurisdiction of Madison Lake, but Meyer would have us limit the course and scope of conduct outside the officer's geographical jurisdiction to only those police activities related directly to the investigation of crime and the apprehension of criminals. But the cases cited above, coupled with common knowledge, support a broader interpretation of the statutory phrase, "in the course and scope of employment."

It cannot reasonably be disputed that various administrative and ministerial acts are essential and valid components of law enforcement efforts. Prominent among those acts are writing police reports and assembling and preparing supporting records for the prosecution of persons apprehended during the performance of "core law enforcement activities." Surely such administrative and ministerial acts are part of the overall "policing mission," for without them it is difficult to imagine how violators of the law could ever be successfully prosecuted. Moreover, it would be in the interests of Madison Lake, Officer Bunde's employer, to be able to effectively prosecute persons who allegedly committed public offenses in Madison Lake. By obtaining useful or necessary records, Officer Bunde was acting in furtherance of his employer's interests.

Meyer also argues that Officer Bunde was not engaging in a valid law enforce-

ment purpose in his trip to obtain records because the records could have been sent to Madison Lake by mail or by facsimile transmission. We find no basis for reading the statutory phrase "course and scope of employment" to mean that an employee is constrained to choose only one among various options for carrying out his employment functions.

Officer Bunde was acting within the course and scope of his employment when he observed Meyer's speeding violation and when he stopped and arrested Meyer outside the officer's jurisdiction. The district court did not err in denying Meyer's motion to dismiss the criminal complaint.

## DECISION

Because an on-duty peace officer was acting within the course and scope of his employment when he stopped appellant's vehicle and arrested appellant outside the officer's territorial jurisdiction, the stop was valid.

**Affirmed.**